JUDGE COTE

13 CV 4628

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
NEOKORO ANDERSON,

        Plaintiff,

     -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE OFFICER JASON ZUMMO, Shield
No. 11153; NEW YORK CITY POLICE
OFFICER MATTHEW VORRARO, Shield
No. 15194; JOHN DOES; RICHARD ROES,

        Defendants.
- - - - - - - - - - - - - - - - - - -X

COMPLAINT

Plaintiff Demands
Trial By Jury

## PRELIMINARY STATEMENT

1.    This is a civil action in which the plaintiff, NEOKORO

ANDERSON, seeks relief for the defendants' violation of his

rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983; by the United States Constitution, including its

Fourth and Fourteenth Amendments, and by the laws and

Constitution of the State of New York.  The plaintiff seeks

damages, both compensatory and punitive, affirmative and

equitable relief, an award of costs and attorneys' fees, and

such other and further relief as this court deems equitable and

just.

1

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.    Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

6.    Plaintiff filed a timely Notice of Claim with the

2

Comptroller of the City of New York on July 19, 2012, within 90 days of the incidents complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.   Plaintiff was at all times relevant herein a resident of the State of New York, County of Queens.  Plaintiff is African-American.

8.   Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.    Defendants ZUMMO, VORRARO, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.   Defendants ZUMMO, VORRARO, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.   Defendants ZUMMO, VORRARO, and JOHN DOES are sued individually.

10.   Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.   Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course

4

and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.   Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.   On April 21, 2012, approximately 9:00 p.m., Plaintiff was walking in his neighborhood, at or about 119th Road and Farmers Boulevard, Queens, New York.

12.   A plainclothes police officer, on information and belief Defendant ZUMMO, pointed a gun at Plaintiff.

13.   Defendant ZUMMO pointed his gun at Plaintiff and told Plaintiff, in sum and substance, that it looked like Plaintiff had been trying to rob two people, and told Plaintiff to freeze.

14.   Plaintiff had not been involved in any robbery, or in the commission of any other crime, and there was no valid reason to believe that he had been.

15.   Plaintiff, frightened, and not knowing that it was a police officer pointing a gun at him, ran into a nearby yard.

16.   Defendant ZUMMO ran after Plaintiff, and tackled Plaintiff in the yard.

17.   Defendant ZUMMO handcuffed Plaintiff, without cause or justification.

18.   While Plaintiff was handcuffed, Defendant ZUMMO punched Plaintiff in the face, without cause or justification.

19.   While Plaintiff was handcuffed, Defendant ZUMMO pistol-whipped Plaintiff in the face, without cause or justification.

20.   After Plaintiff was lifted up off the ground by Defendant ZUMMO, another plainclothes police officer, on information and belief Defendant VORRARO, came into the yard and punched Plaintiff in the side of Plaintiff's body.

21.   A third JOHN DOE Officer on the scene pushed Plaintiff into a tree before placing Plaintiff in an unmarked police car to be taken to the police precinct.

22.   At no point did any of the three plainclothes officers identify themselves to Plaintiff as police officers.

23.   Defendants ZUMMO and VORRARO, on information and belief, took Plaintiff to the NYPD 113th police precinct.

24.   Plaintiff was placed in a holding cell, where he vomited and passed out.

25.   Plaintiff waited approximately thirty minutes for emergency medical services (EMS) to arrive.

26.   Plaintiff was taken by EMS to Jamaica Hospital, where it was discovered that Plaintiff had sustained a fracture to his zygomatic arch.

27.   Plaintiff was then brought back to the police precinct.

6

28.   During the time that Plaintiff was held at the precinct, Plaintiff was searched, fingerprinted, and photographed.

29.   At approximately 8 a.m. the following morning, Plaintiff was taken from the precinct to Queens Central Booking.

30.   At approximately 7 p.m. Plaintiff was brought before a judge and arraigned.

31.   Plaintiff was released on his own recognizance.

32.   Plaintiff was falsely charged with two counts of possession of marijuana in the fifth degree, obstruction of governmental administration second degree, and resisting arrest.

33.   Defendant VORRARO is the deponent on the Criminal Court complaint, and falsely alleged that he observed Plaintiff exchange a glassine bag for a sum of money with another person who was not apprehended, and that Plaintiff when exiting a backyard threw a glassine bag containing marijuana to the ground, and that Plaintiff swung his fist at Defendant VORRARO and flailed his arms in an attempt to prevent being handcuffed.

34.   These allegations are false.  Plaintiff did not possess any marijuana, did not give anyone any glassine bag (or other item) in exchange for money, did not possess or throw any glassine bag, and did not do anything to obstruct governmental administration, or swing his fist at Defendant VORRARO or flail his arms to resist arrest, or commit any other crimes on the date of the incident.

35.   All charges against Plaintiff have been dismissed in

their entirety pursuant to an Adjournment in Contemplation of Dismissal.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

36.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

37.  By their conduct and actions in unlawfully pointing a gun at plaintiff, assaulting and battering plaintiff, violating rights to equal protection of plaintiff, falsely arresting plaintiff, unlawfully searching and seizing plaintiff, inflicting emotional distress upon plaintiff, abusing process against plaintiff, fabricating an account and /or evidence with regard to plaintiff, violating rights to due process of plaintiff, failing to provide proper medical care to plaintiff, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants ZUMMO, VORRARO, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable

8

consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

38.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>SECOND CLAIM</u>

**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

39.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

40.  By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

41.  As a result of the foregoing, plaintiff was deprived

of his liberty and property, experienced injury, pain and
suffering, psychological and emotional injury, great
humiliation, costs and expenses, and was otherwise damaged and
injured.

### THIRD CLAIM

**LIABILITY OF DEFENDANT THE CITY OF NEW YORK
FOR CONSTITUTIONAL VIOLATIONS**

42.  The plaintiff incorporates by reference the
allegations set forth in all previous Paragraphs as if fully set
forth herein.

43.  At all times material to this complaint, defendant THE
CITY OF NEW YORK, acting through its police department, and
through the individual defendants had de facto policies,
practices, customs and usages which were a direct and proximate
cause of the unconstitutional conduct alleged herein.

44.  At all times material to this complaint, defendant THE
CITY OF NEW YORK, acting through its police department, and
through the individual defendants, had de facto policies,
practices, customs, and usages of failing to properly train,
screen, supervise, or discipline employees and police officers,
and of failing to inform the individual defendants' supervisors
of their need to train, screen, supervise or discipline said
defendants.  These policies, practices, customs, and usages were

10

a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented

disproportionately upon young men of color.  Such policies,
practices, customs and/or usages are a direct and proximate
cause of the unconstitutional conduct alleged herein.

48.  As a result of the foregoing, plaintiff was deprived
of his liberty and property, experienced injury, pain and
suffering, psychological and emotional injury, great
humiliation, costs and expenses, and was otherwise damaged and
injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

49.  The plaintiff incorporates by reference the
allegations set forth in all previous Paragraphs as if fully set
forth herein.

50.  The conduct of the individual defendants alleged
herein, occurred while they were on duty and in uniform, and/or
in and during the course and scope of their duties and functions
as New York City police officers, and/or while they were acting
as agents and employees of the defendant THE CITY OF NEW YORK,
and, as a result, the defendant THE CITY OF NEW YORK is liable
to the plaintiff pursuant to the state common law doctrine of
respondeat superior.

51.  As a result of the foregoing, plaintiff was deprived

of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

52.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53.   By the actions described above, defendants did inflict assault and battery upon the plaintiff.   The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

55.   The plaintiff incorporates by reference the

13

allegations set forth in all previous Paragraphs as if fully set forth herein.

56.  By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### ABUSE OF PROCESS

58.  The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59.  By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose

14

of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### EIGHTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

61. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. By the actions described above, defendants violated plaintiff's rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution

15

of the State of New York.

63.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### NINTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65.   By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and

injured.

## TENTH CLAIM

### NEGLIGENCE

67.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

68.   The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

70.   The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71.   Defendants THE CITY OF NEW YORK negligently hired,

screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### CONSTITUTIONAL TORT

73.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74.  Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

75.  A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

76.  As a result of the foregoing, plaintiff was deprived

of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.   Compensatory damages;

b.   Punitive damages;

c.   The convening and empaneling of a jury to consider the merits of the claims herein;

d.   Costs and interest and attorney's fees;

e.   Such other and further relief as this court may deem appropriate and equitable.

Dated:   New York, New York
         July 3, 2013

                           JEFFREY A. ROTHMAN, Esq.
                           315 Broadway, Suite 200
                           New York, New York 10007
                           (212) 227-2980
                           Attorney for Plaintiff